IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMERY DENNIS SPENCER,

    Petitioner,                No. CIV S-08-2376 KJM P

   vs.

JAMES YATES, Warden,

    Respondent.          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. He alleges that he was denied the effective assistance of counsel, yet describes his state appeals as raising claims of sentencing error. Therefore, it appears the claims in the instant petition have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state remedies; and

2. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

DATED: April 22, 2009.

_____
U.S. MAGISTRATE JUDGE

spen2376.103

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).